```
                         United States Bankruptcy Court
                         Eastern District of Pennsylvania
```

In re:                                                          Case No. 19-17649-mdc
Ray Cha                                                         Chapter 7
Kelly Shin
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: Stacey                Page 1 of 1                  Date Rcvd: Mar 19, 2020
                               Form ID: pdf900             Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 21, 2020.
jdb             +Kelly Shin,    3954 Bainbridge Court,    Bensalem, PA 19020-4817
14436279        +Nationstar/mr Cooper,    350 Highland,   Houston, TX 77009-6623

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 19, 2020 at the address(es) listed below:
              PAUL H. YOUNG    on behalf of Joint Debtor Kelly  Shin support@ymalaw.com,   ykaecf@gmail.com,
               paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
              PAUL H. YOUNG    on behalf of Debtor Ray  Cha support@ymalaw.com,   ykaecf@gmail.com,
               paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               bkgroup@kmllawgroup.com
              ROBERT H. HOLBER    trustee@holber.com,   rholber@ecf.axosfs.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Chapter 7 |
|    Ray Cha and Kelly Shin, | : |
|          Debtors. | : Bankruptcy No. 19-17649-MDC |

# O R D E R

**AND NOW**, on February 5, 2020, Ray Cha (the "Debtor") caused to be filed a reaffirmation agreement with creditor Nationstar Mortgage LLC d/b/a Mr. Cooper (the "Reaffirmation Agreement").[1]

**AND**, the Debtor was represented by an attorney during the course of negotiating the Reaffirmation Agreement.

**AND**, the Debtor's attorney filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3).

**AND**, the Debtor acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement.

**AND**, this Court finds no material difference between the income and expenses disclosed by the Debtor pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on the Debtor's Schedules I and J.

**AND**, there is no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1).

It is hereby **ORDERED** and **DETERMINED** that:

1. No reaffirmation hearing is necessary. 11 U.S.C. §§524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

---

[1] Bankr. Docket No. 21.

Dated: March 19, 2020

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Paul H. Young, Esquire
Young, Marr & Associates
3554 Hulmeville Road, Suite 102
Bensalem, PA 19020

Robert H. Holber, Esquire
Robert H. Holber PC
41 East Front Street
Media, PA 19063

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912